## Rhoads v. Rhoads

*William L. Sunday*, for plaintiff.

SHUGHART, P. J., May 16, 1955.—The complaint in this divorce action was served by publication and a copy of the notice sent to defendant by the sheriff, pursuant to R. C. P. 1124 (b), addressed to addressee only, was returned unclaimed. Notice of the hearing before the master and of the filing of the master's report sent to defendant, addressed to addressee only, were undelivered. It thus appears that although plaintiff and defendant have five children, most of whom are adults

and married, no direct notification of this proceedings ever reached defendant.

In the case of Hartzell v. Hartzell, 82 D. & C. 104, we stated that wherever notice by registered mail did not provide for delivery to addressee only, such communications should not be so restricted. We set forth the reasons for this requirement at length in that opinion and will not restate them here. In the instant situation, it is quite likely that a notice sent by registered mail, and not restricted to addressee only, to the address in Miami, or to the address of the alleged boy friend's mother would have reached defendant. We also think it is quite likely that some of the children, if they were contacted by plaintiff, could give an address where defendant could be reached by mail.

It is always desirable that an individual have direct information of litigation affecting his rights. Certanly this is true of a divorce action. See Smith v. Smith, 1 Cumb. L. J. 35.

To give defendant an opportunity to have her day in court we will direct that a rule issue to show cause why a final decree in divorce should not be entered.

And now, May 16, 1955, at 4 p.m. . . . a rule is issued upon defendant, Mary K. Rhoads, to show cause why a final decree in divorce should not be granted in this matter; copy of this rule to be served upon defendant by registered mail, addressed to her at such address or addresses as are likely to be received by her, or by some one in her behalf.

Rule to be returnable 10 days after service.

When the time for filing an answer shall have elapsed, the matter may again be submitted to the court for final action.

The arrangements for the service of the rule and filing of the proofs of service to be effected by counsel for plaintiff.